SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Sy Lee Castle, ) No. CV 1-08-01267-JAT
)
    Plaintiff, ) **ORDER**
)
vs. )
)
M. Knowles, et al., )
)
    Defendants. )
)

Plaintiff Sy Lee Castle, who is confined in the Kern Valley State Prison (KVSP) in Delano, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.[1] (Doc.# 1.) The Court will order Defendants Knowles, Fisher, Phillips, Saihca, and Stark to answer Plaintiff's Americans with Disabilities Act claim in the Complaint and will dismiss the remaining claims without prejudice.

**I.**     **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

---

[1] This case was reassigned to the undersigned judge on November 24, 2008.

JDDL

1 | 28 U.S.C. § 1915A(b)(1), (2).

## II. Complaint

Plaintiff alleges violation of his equal protection and due process rights. Although not specifically pleaded, the facts alleged in the Complaint support a claim for violation of the Americans with Disabilities Act. Plaintiff sues the following KVSP officials: Warden M. Knowles; Captain R. Fisher; Lieutenant Phillips; and Sergeants Saihca and Stark. Plaintiff seeks compensatory and punitive relief.

## III. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Equal Protection

Plaintiff alleges violation of his equal protection rights. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). A state practice that discriminates against a suspect class of individuals or interferes with a fundamental right is subject to strict scrutiny. Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976); Hydrick v. Hunter, 466 F.3d 676, 700 (9th Cir. 2006). Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he has been intentionally treated differently from others who are similarly situated without a reasonable basis therefor. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). That is, a plaintiff must allege facts to support that the government has relied "on a

classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." City of Cleburne, 473 U.S. at 446. Conclusory allegations do not suffice. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Plaintiff alleges violation of his equal protection rights based on the failure of prison officials to provide wheelchair-accessible recreational facilities for disabled inmates analogous to those provided for non-disabled inmates. The disabled do not constitute a suspect class for purposes of the Equal Protection Clause, Pierce v. Orange, 526 F.3d 1190, 1225 (9th Cir. 2008), and Plaintiff has not alleged an infringement of a fundamental right. Plaintiff otherwise fails to allege facts to support that he has been intentionally treated differently than others who are similarly situated. Non-disabled inmates are not *similarly-situated* to disabled inmates and, specifically, disabled inmates who must use a wheelchair for mobility and exercise. For that reason, Plaintiff fails to state a claim for violation of his equal protection rights.

**B.     Due Process**

Plaintiff also alleges a violation of his due process rights. Liberty interests that entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted). In analyzing whether a hardship is atypical and significant, three guideposts to consider are: (1) the conditions of confinement; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the sanction will affect the duration of the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003); Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996), op. amended, 135 F.3d 1318 (1998). "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. See Carlo v. City of Chino, 105 F.3d 493, 499 (9th Cir. 1997). See, e.g., Sandin, 515 U.S. at 472 (30 days disciplinary segregation

is not atypical and significant); Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (4 months in administrative segregation is not atypical and significant); Griffin v. Vaughn, 112 F.3d 703, 706-708 (3d Cir. 1997) (15 months administrative segregation is not atypical and significant); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (6 months of confinement in especially disgusting conditions that were "more burdensome than those imposed on the general prison population were not atypical ... in relation to the ordinary incidents of prison life."); Jones v. Baker, 155 F.3d 810 (6th Cir. 1998) (2.5 years of administrative segregation is not atypical and significant); Jacks v. Crabtree, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical and significant hardship). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye, 427 U.S. at 242.

Plaintiff appears to contend that he was denied due process based on the unavailability of wheelchair-accessible tables, benches, dip bars, and pull-up bars on the recreation yard. Absent more, that does not constitute a significant and atypical hardship in relation to the ordinary incidents of prison life. Plaintiff therefore fails to state a due process claim.

**IV. Claim for Which an Answer is Required**

Liberal notice pleading requires courts to look at the facts alleged to determine the claims at issue. Alvarez v. Hill, 518 F.3d 1151, 1157-58 (9th Cir. 2008) (finding that the plaintiff's complaint, which cited the First and Fourteenth Amendments, also stated a claim under the Religious Land Use and Institutionalized Persons Act). Although Plaintiff has not specifically alleged violation of the Americans with Disabilities Act (ADA) in his Complaint, he alleges that he has a disability and that he has repeatedly been denied an accommodation, specifically, wheelchair-accessible tables, benches, dip bars, and pull-up bars on the recreation yard. That is, the facts alleged in the Complaint are sufficient to "at least minimally inform[] the parties and the court" that Plaintiff is attempting to allege an ADA claim. Id. at 1172. The Court therefore considers whether Plaintiff states a claim for

violation of the ADA. See id. at 1157-58.

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state an ADA claim, a plaintiff must allege facts to support that he:

> (1) is a handicapped person; (2) that he is otherwise qualified; and that [prison officials'] actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap.

Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996).[2] The ADA is applicable in the prison context. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998); Armstrong v. Wilson, 124 F.3d 1019, 1022-25 (9th Cir. 1997). As defined in the ADA, a "public entity" is "any State or local government; [or] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government. . . ." 42 U.S.C. § 12131. Individuals, however, may only be sued under the ADA in their official, rather than, their individual capacities. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (plaintiff cannot sue state officials in their individual capacities to vindicate rights created by Title II of the ADA).

Plaintiff adequately states a claim for violation of the ADA against the Defendants in their official capacities. The Defendants will be required to respond to Plaintiff's Complaint.

**V.      Warnings**

**A.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include

---

[2] The ADA also requires that an impairment substantially limit one or more of the individual's major life activities. 42 U.S.C. § 12112(a). "Major life activities" include "functions such as caring for oneself, performing manual tasks, walking, seeing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(I). Plaintiff sufficiently alleges facts to meet this criteria.

a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's claims for violation of his equal protection and due process rights are **dismissed** without prejudice.

(2)    Defendants Knowles, Fisher, Phillips, Saihca, and Stark must answer Plaintiff's claim for violation of the Americans with Disabilities Act.

(3)    The Clerk of Court must send Plaintiff a service packet including the Complaint (doc.# 1), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Knowles, Fisher, Phillips, Saihca, and Stark.

(4)    Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5)    Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of

1 | service from each Defendant or serve each Defendant.

2 | (6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 7th day of May, 2009.

James A. Teilborg
United States District Judge