# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sy Lee Castle, | No. CV 1-08-01267-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| M. Knowles, et al., | |
| Defendants. | |

On August 26, 2009, the Court issued the following order:

> On May 8, 2009, this Court ordered that Plaintiff could require five Defendants to respond to the complaint: Knowles, Fisher, Phillips, Saihca, and Stark. Defendants Knowles, Fisher and Phillips have been served. On June 25, 2009, the Marshals returned the summons for Defendant Stark unexecuted with the comment, "6/18/09 per lit co no such person employed; 6/22/09 per CDC locator - none." (Doc. #12.) The Court does not know the status of service on Defendant Saihca.
> Based on the foregoing,
> IT IS ORDERED that, it appearing no one by the name of "Stark" is at the address provided by Plaintiff, within 30 days of the date of this Order, Plaintiff shall show cause why Defendant Stark should not be dismissed, without prejudice, for failure to serve.
> IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of this Order to the Marshals. Per the Order of May 22, 2009 (Doc. #11), if service by waiver had not been accomplished in sixty days (July 22, 2009), the Marshals were required to proceed to personal service. Within 10 days of the date of this Order, a representative of the Marshals office shall file a status report of what efforts have been made to personally serve Defendant Saihca.

Doc. #18.

The Court has learned from the Clerk's office that they did not forward a copy of the

Order to the Marshals, therefore, the Marshals did not file the requested status report. However, on September 21, 2009, the Marshals returned the summons for Defendant Saihca unexecuted.

On September 18, 2009, Plaintiff responded to this Court's order to show cause. Plaintiff stated that with respect to Defendant Stark, he was employed at Kern Valley State Prison in the fall of 2006. The Court will provide Plaintiff with two subpoenas decus tecum in blank to serve on the appropriate person at Kern Valley State Prison to attempt to obtain a last know address for Defendant Stark. If such an address is obtained, Plaintiff can again attempt service through the Marshals.

As for Defendant "Saihca," in Plaintiff's September 18, 2009 filing he states that the Court is spelling the Defendant's name incorrectly. Plaintiff then attempted to include the correct spelling. However, Plaintiff's handwriting is so bad, and he writes so lightly with the pen, the Court is finding his filings almost impossible to decipher. The Court has also reviewed the unexecuted summons from the Marshals (Doc. #26) and still is not confident of the exact name Plaintiff is using. At this point, the Court's best guess is "Sather."

The Court does not know who the Marshals attempted to serve. The notes on the service form state, "CDC locator - 0" "No such name/too many 9/15/09." Doc. #26. The Court will send Plaintiff an additional set of forms to attempt to re-serve the amended complaint on Defendant Sather. However, in completing these forms Plaintiff should print larger and press more firmly with his pen so that the Court can read what he is writing. Further, Plaintiff is cautioned that, in the event the Marshals in fact tried to serve "Sather," there are apparently "too many" for them to know which one to serve. Therefore, Plaintiff should endeavor to include the first name of Sather or other identifying information to accomplish service.

Based on the foregoing,

**IT IS ORDERED** with respect to Defendant Stark,

(1) that the Clerk of the Court shall issue and send to Plaintiff two subpoenas in blank and two USM-285 forms for Plaintiff to complete with each subpoena. Plaintiff shall

1  complete the USM-285 forms and subpoenas decus tecum requesting documents that would
2  contain an address for Defendant Stark and return them to the Clerk of the Court.  Plaintiff
3  shall have until <u>October 19, 2009</u> to return these completed subpoenas and forms to the
4  Court.  Upon receipt of the completed subpoenas and USM-285 forms, the Clerk of the Court
5  shall forward the completed subpoenas and forms to the Marshals for service.

6  (2) that Plaintiff shall complete the subpoenas such that the documents requested are
7  returned <u>to the Court</u> and not to the Plaintiff.  Upon receipt of the documents, the Clerk of
8  the Court shall file the documents containing Defendant Stark's address <u>under seal</u>.  Upon
9  receipt of the documents, the Clerk of the Court shall forward the address of Defendant Stark
10 and a copy of this order and a copy of the amended complaint (Doc. #30) to the Marshals and
11 the Marshals shall again attempt to serve the summons and amended complaint.

12 (3) that if Plaintiff does not accomplish service of Defendant Stark through this
13 additional process, the Court will dismiss Defendant Stark without prejudice.

14 **IT IS FURTHER ORDERED** with respect to Defendant Sather,

15 (1) that based on the amended complaint (Doc. #30), the Clerk of the Court shall
16 amend the docket to change the name of Defendant "Saihca" to Defendant "Sather."

17 (2) With this Order, the Clerk of the Court shall send Plaintiff another service packet
18 to serve Defendant Sather, including the amended complaint (Doc. #30), this Order, the
19 Order of May 8, 2009 (Doc. #9), a Notice of Submission of Documents form, an instruction
20 sheet, and a copy of a summons and USM-285-form for Defendant Sather.

21 (3) Plaintiff should not attempt to personally serve Sather and must not request a
22 waiver of service; once the Clerk has received the Notice of Submission of Documents and
23 the required documents, the Court will direct the Marshals to attempt service by waiver or
24 personal service. If Plaintiff fails to return a new service packet by <u>October 19, 2009</u>,
25 Defendant Sather will be dismissed, without prejudice, for failure to prosecute and failure
26 to timely serve under Federal Rules of Civil Procedure 41(b) and 4(m).

27 **IT IS FINALLY ORDERED** that Plaintiff's request that this Court send him a copy
28 of the jury instructions it will use in this case (and in another case Plaintiff claims to have

1  pending that is not assigned to this Court) (Doc. #21) is denied; the Court will not do any
2  legal research for Plaintiff.
3        DATED this 28th day of September, 2009.

James A. Teilborg
United States District Judge