**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sy Lee Castle, ) | No. CV 1-08-01267-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| M. Knowles, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court are Defendants Fisher, Knowles, and Phillips' Motion to Dismiss (Doc. # 32); and Plaintiff's Motion To File Second Amended Complaint (Doc. # 41). For the reasons that follow, the Court grants Defendants' motion to dismiss, and denies Plaintiff's request to file a second amended complaint.

**I.   Background**

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP"). Plaintiff alleges that he has a permanent mobility impairment in his lower extremities. Plaintiff is a participant in the Disability Placement Program at KVSP. Plaintiff alleges that Defendants violated the Americans with Disability Act ("ADA") when they failed to install wheelchair accessible table and exercise equipment on the KVSP yard at the same time similar equipment was installed for non-handicapped inmates.

Plaintiff alleges that on October 5, 2006, he sent request for interview forms to Defendants Knowles, Fisher, and Phillips about the lack of tables, benches, and exercise

equipment for disabled inmates. Plaintiff also sent similar requests to Defendants Sather and Starr on October 10, 2006. Plaintiff also filed a request for accommodation/administrative appeal. In November 2008, Plaintiff received a first level response that partially granted his appeal by informing Plaintiff that accommodating tables and exercise equipment would be ordered and installed. Plaintiff then appealed and received a second level response on February 21, 2007, wherein Plaintiff was informed that the tables had already been installed, and that his appeal was granted in that a modification order would be generated to ensure the placement of accessible exercise bars. Plaintiff then appealed and received a Director's Level Appeal Decision on April 11, 2007. Plaintiff's appeal was denied because the exercise equipment was installed and the equipment was accessible for wheelchair inmates.

In August 2008, Plaintiff filed the present action. Defendants now seek to have Plaintiff's amended complaint dismissed.

## II.   Motion to Dismiss

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*.

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,

1  234 F.3d 428, 435 (9th Cir. 2000). Moreover, the Ninth Circuit has pronounced a "policy
2  of liberal construction in favor of *pro se* litigants." *Rand v. Rowland,* 154 F.3d 952, 957 (9th
3  Cir. 1998). This Court must construe Plaintiff's complaint liberally and afford Plaintiff the
4  benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988).
5  However, the status of pro se "does not relieve the party of the burden of alleging sufficient
6  facts on which a recognized legal claim could be based. Bald assertions and conclusions of
7  law will not suffice." *Kerr v. Wanderer & Wanderer,* 211 F.R.D. 625, 629 (D. Nev. 2002)
8  (citation omitted). As such, the Court does not have to accept as true a legal conclusion
9  couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

10  Defendants first argue that Plaintiff has failed to properly allege sufficient facts to
11  support a claim for violation of the ADA. Title II of the ADA prohibits discrimination on
12  the basis of an individual's disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir.
13  2002). A state prison is a "public entity" within the meaning of the ADA and, as such, Title
14  II is applicable to state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). In
15  order to state a claim under Title II, a plaintiff must allege four elements: (1) the plaintiff is
16  an individual with a disability; (2) the plaintiff is qualified to participate in or receive the
17  benefit of a public entity's services, programs, or activities; (3) the plaintiff was either
18  excluded from participation in or denied the benefits of the public entity's services,
19  programs, or activities; and (4) such exclusion, denial of benefits, or discrimination was by
20  reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

21  Defendants argue that Plaintiff has not properly alleged that he has a qualifying
22  disability. In the context of the ADA, Congress has defined the term "disability" as "(A) a
23  physical or mental impairment that substantially limits one or more major life activities of
24  such individual; (B) a record of such an impairment; or (C) being regarded as having such
25  an impairment." 42 U.S.C. § 12102(1). Plaintiff alleges that he has a mobility impairment
26  of his lower extremities, that he has been placed in the disability placement program at
27  KVSP, and that he is a full-time wheelchair user. "Major life activies" under the ADA
28  include walking, standing, lifting, and bending, among others. The Court finds that, given

- 3 -

the liberal construal of pro se pleadings, Plaintiff has alleged sufficient facts to satisfy the first element of a Title II claim.

Defendant next argues that he has failed to allege that he was personally deprived of access to a governmental service, program, or activity. Personal participation is required to sustain a Title II claim, and Plaintiff's pleadings satisfy this requirement. While Plaintiff may not include a draconian allegation along the lines of "I was personally deprived of access to a governmental service, program, or activity," it is clear that the lack of accommodations Plaintiff complains of stem from his personal participation; or, perhaps more accurately, his inability to participate because of the alleged violations of Title II. It is clear from Plaintiff's amended complaint that he was personally deprived of access within the meaning of the ADA.

Finally, Defendant argues that Plaintiff has failed to state a claim for violation of the ADA because Plaintiff has failed to allege that Defendants acted with deliberate indifference. The Court agrees. In Plaintiff's complaint, he seeks only monetary damages against Defendants for their alleged ADA violations. In order to recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). In order to prove intentional discrimination under Title II, a plaintiff must show that defendants acted with deliberate indifference. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." *Id.* at 1139. In order to satisfy the second element of the deliberate indifference test, a failure to act cannot result from conduct that is mere negligence; rather, it must involve an element of deliberateness. *Id.*

Here, even assuming Plaintiff has satisfied the first element of the deliberate indifference test, Plaintiff's allegations fall far short of the requirement that Defendant, with deliberateness, failed to act. Plaintiff sought, through the administrative appeal process, the installation of tables, dip bars, and pull up bars on the yard that would be accessible to the disabled. Each of these requests were granted, and as Plaintiff recognizes, KVSP now has

- 4 -

tables and exercise equipment on the yard for the disabled.  At each stage of the appeal process, Plaintiff's complaints were investigated.  Although Plaintiff's requests regarding the tables and exercise equipment were not instantaneously granted, the timing of Defendants' responses to Plaintiff's requests were not unreasonable.  Plaintiff filed his request for accommodation in October 2006.  As of at least February 2007, the tables were installed; and as of at least April 2007, the exercise equipment had been installed, along with the laying of decomposed granite around the exercise equipment to make such equipment accessible for wheelchair inmates.  The administrative appeals process demonstrates a steady effort on the part of Defendants to bring about Plaintiff's requested changes.  Based upon Plaintiff's own allegations, at no time did Defendants fail to act, much less with the deliberateness that is required to recover monetary damages under Title II.  For these reasons, Plaintiff has failed to state a claim for monetary damages under Title II.[1]

Therefore, because the only relief Plaintiff seeks is monetary damages under Title II, and Plaintiff having failed to allege deliberate indifference on the part of Defendants, the Court will dismiss Plaintiff's claims under Title II.

### III.   Motion to Amend Complaint

Plaintiff seeks leave to file a second amended complaint.  Plaintiff seeks leave to add additional Defendants to this action, and does not substantively alter his allegations made in

---

[1] Although from the record it appears that Defendant Sather has yet to be properly served and, hence, has not moved to dismiss, the Court finds Defendant Sather is in a similar position to the moving Defendants, and Plaintiff's claims against Defendant Sather suffers the same infirmities as discussed above.  As such, the Court will dismiss Plaintiff's claims against Defendant Sather.  *Abigninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 743 (9th Cir. 2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").  Defendant Stark has also moved to join in the motion to dismiss (Doc. # 47).  Thus, the Court will dismiss this action against all Defendants.  Further, the Court has learned that the subpoenas used to obtain the address for Defendant Sather have been misplaced.  However, in light of the Court dismissing this action in its entirety and against all Defendants, the Court shall vacate its February 2, 2010 Order (Doc. # 49) and April 30, 2010 Order (Doc. # 51) to the extent they require the Marshals to return the subpoenas decus tecum and serve Defendant Sather.  The Court will also vacate the requirement that the Marshals file a status report concerning the subpoenas.

1 the first amended complaint. Leave to amend should be freely given "when justice so
2 requires." FED.R.CIV.P. 15(a)(2). Whether to grant a motion to amend depends on the
3 following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4)
4 futility of amendment, and (5) whether plaintiff has previously amended his complaint. *W.*
5 *Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). The Court finds that
6 the first, third, fourth, and fifth factors weigh against allowing the amendment. Nearly
7 fifteen months elapsed from the filing of the original complaint until the filing of Plaintiff's
8 motion to file a second amended complaint. Moreover, Defendants will suffer prejudice
9 from this undue delay, and they will also be prejudiced by having to file yet another round
10 of motions to dismiss on a complaint that only adds new Defendants. As discussed above,
11 the Court finds that Plaintiff has failed to allege a viable claim. Plaintiff's proposed second
12 amended complaint does not cure the deficiencies discussed above. Finally, Plaintiff has
13 already amended his complaint. For these reasons, the Court denies Plaintiff's request to file
14 a second amended complaint.

15 Accordingly,

16 **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. # 32) is granted.

17 **IT IS FURTHER ORDERED** that the Clerk of the Court shall dismiss this case with
18 prejudice against all Defendants.

19 **IT IS FURTHER ORDERED** that Plaintiff's Motion To File Second Amended
20 Complaint (Doc. # 41) is denied.

21 **IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Permission to File
22 Plaintiff's Reply to Defendants' Response to the Opposition Motion (Doc. # 43), which
23 appears to be a request to file a sur-reply, is denied. The Court does not ordinarily permit the
24 filing of a sur-reply, and Plaintiff states no basis for deviating from this practice.

25 **IT IS FURTHER ORDERED** that Defendants' Motion for a Nunc Pro Tunc
26 Extension of Time to File Opposition to Plaintiff's Motion for Leave to File A Second
27 Amended Complaint (Doc. # 44) is denied as moot.

28 **IT IS FURTHER ORDERED** vacating those portions of the February 2, 2010 Order

(Doc. # 49) and April 30, 2010 Order (Doc. # 51) to the extent they require the Marshals to return the subpoenas decus tecum, serve Defendant Sather, and file a status report concerning the subpoenas.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiff, and close this case.

DATED this 2nd day of June, 2010.

James A. Teilborg
United States District Judge